**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | Case No. 2:16-CV-2804 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Legacy Village Property Owners Association's (the "HOA") motion to dismiss. (ECF No. 9). Defendant SFR Investments Pool 1, LLC filed a response (ECF No. 14), as did plaintiff U.S. Bank National Association (the "Bank") (ECF No. 21).[1] The HOA then filed a reply. (ECF No. 28).

This action involves the nonjudicial foreclosure sale of the real property located at 2113 Club Meadows Drive, Henderson, Nevada 89436. (ECF No. 1). The Bank alleges one claim for declaratory relief as to quiet title. (*Id.*).

To illustrate standing to bring a claim, a complaint must satisfy three criteria:

> (1) a party must have suffered an "injury in fact," which is an actual or imminent invasion of a legally protected, concrete, and particularized interest, (2) "there must be a causal connection between the injury and the conduct complained of," and (3) it must be likely that the injury will be redressable by a favorable decision."

*United States v. Kovall*, 857 F.3d 1060, 1065 (9th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

---

[1] Plaintiff appears as Trustee for the Holders of the First Franklin Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2006-FF2. (ECF No. 1).

In its complaint, the Bank asserts that it "holds the Note and Deed of Trust" and that "[a]s the current beneficiary under the Deed of Trust, [the Bank]'s interest in the Property retained its first-position status in the chain of title after the Sale because the Sale was improper or unlawful." (ECF No. 1 at 3, 6).

At no point in the complaint does the Bank allege that it held the contested interest prior to the foreclosure sale. *See generally id.* Therefore, this court cannot assess whether plaintiff has standing to bring its claim for failure to show that the purported injury may be addressed by this court. *See Ditech Financial LLC, v. Saticoy Bay LLC Series 4683 Califa*, No. 2:17-CV-757-JCM-NJK, 2017 WL 2871068, at *2 (D. Nev. July 3, 2017); *see also Kovall*, 857 F.3d at 1065.

Indeed, this omission similarly prevents the court from determining whether plaintiff has a superior claim to title. *See Ditech Financial LLC*, 2017 WL 2871068, at *2. Thus, the HOA's motion to dismiss will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED, without prejudice.

DATED July 13, 2017.

_____
UNITED STATES DISTRICT JUDGE